# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT
## OF PENNSYLVANIA

**FILED
SCRANTON**

MAY 0 4 2017

PER _____
DEPUTY CLERK

1) Carlos Zuniga, 82559-180
        Plaintiff, Inmate NO:

   U.S.P ATLANTA
   P.O.BOX 150160
   Atlanta Georgia 30315,

V.

3:17cv792

Case Number,

Civil Complaint,

Jury Trial Complaint,

1) Chamberlin Case Manager,
2) Lincalis, Unit Manager,
3) Lt,Sudul,
4) SIS Lt, Lyons,
5) SIS Lt, Prutzman,
6) Spaulding,Warden,
7) Gainer CMC,
        Defendant's et,al

## CIVIL RIGHT'S COMPLAINT VIOLATION
## OF EQUAL PROTECTION RIGHT'S

COMES NOW,Plaintiff, Carlos Zuniga, Pro-se,and as and for

First, Complaint,Respectfully shows the court that:

1

## JURISDICTION AND VENUE

### VENUE IS PROPER IN THE MIDDLE DISTRICT OF PENNSYLVANIA
### DUE TO THE ALLEGED ACT'S OCCURRED IN WHITE DEER PA,

### RULE 7.1 DISCLOSURE STATEMENT
### CERTIFICATE OF INTERESTED PERSONS,
### AND CORPORATE DISCLOSURE STATEMENT,

1) This Court has Jurisdiction under 28 U.S.C § 1331,1343(a) of the First Amendment,Fourteen amendment,And the Eighth Amendment to the United States Constitution,and Biven V. Six Unknown Federal Narcotics Agents 403 U.S 388 (1971),

### PRO-SE PLEADING

Plaintiff, is filing this document pro-se he is not an Attorney and is unschooled in the law and therefore, he respectfully requests for the Court to construe these documents(s) liberally under the U.S Supreme Court Opinion in Haines V. Kerner 404 U.S 519.30 LEd.2d 652.92 s.ct (1972).

### EXHAUSTION OF REMEDIES PRECEDENT TO SUIT.

2) Plaintiff,Carlos Zuniga,has exhausted all available. Administrative Remedies Precedent to suit as regards by the PRISONER'S LITIGATION REFORM ACT.

2

## 28 C.F.R 542.13 INFORMAL RESOLUTION

A-1) On or about 10/20/2015 Plaintiff Carlos Zuniga, Filed
Administrative Remedy Procedure for Inmate Informal Resolution
form Concerning Safety issue a duty aupon Prison Official, But
was unable to resolve at this level on or about 10/29/2015 by
counselor,  Ms: D , Betzer See Exhibit...A-1

2) Statement of fact's in order to prove by the propronderence.
of the evidence, that Plaintiff Carlos Zuniga, 28 C.F.R 542.15
Appeal's Remedy No: 841063-R2 and or Remedy No: 841063-F2.
was timely filed as to Remedy No: 841063-F1 and 841063-R2
bases on the evidence that follows below.

## 28 C.F.R 542.14 INITIAL FILING,

A- 3) On or about 10/30/2015 Plaintiff Carlos Zuniga, filed his
(BP-9) Remedy No: 841063-F2, See Exhibit...A-3

## 28 C.F.R 542.15 APPEAL'S

A -4) On or about November 24, 2015, Plaintiff Carlos Zuniga, by  way
of "CERTIFIED MAIL " No: 7012-1010-0002-2553-3404 timely filed
his(BP-10).

1) Remedy No: 841063-R1 was received on or about November 24,
2015 by the NORTHEAST REGIONAL DIRECTOR OFFICE SEE Exhibit..4-1
But however his(BP-10) was returned on or about December 1,
2015, with rejection notice Remedy NO: 841063-R1 remarks, says
that Plainitff Carlos Zuniga, did not, submitt any of the blue

4

( carbonized)(BP-9) Remedy No: 841063-F2 form, and the Plaintiff
Carlos Zuniga, must refile  Remedy in 10 days, Plainitff Carlos
Zuniga had received Remedy No: 841063-R2 on or about December
3, 2015 in fact "blue carbonized" was with all document attach
at the time was filed See Exhibit...A-4


A-5) again on or about December 9, Plaintiff Carlos Zuniga, by  way
of "CERTIFIED MAIL" No:7013-1710-0000-4238-1983, had timely
"[ re- submitted ]" Remedy No: 841063-R2 certified mail receipt
clearly show, that Plaintiff Carlos Zuniga,did timely file
Remedy No: 841063-R2, within three (3) day prior to December
11, 2015, Plaintiff Carlos Zuniga,had place Remedy in an envelope
entitled "LEGAL MAIL" and deposited it in the SHU legal mail
depository. A prisoner's Complaint is deemed filed at the
moment it delivers to the court or any Goverment Agency.
See Exhibit...A-5
5-1) Mail was received on or about December 14, 2015,Remedy 841063-R2
by Northeast Regional Director Office See Exhibit...5-1

A-6) again on or about December 23, 2015, Plaintiff Carlos Zuniga,
by  way of "CERTIFIED MAIL" No: 7013-1710-0000-4240-9175, had
timely[re-submitted] Remedy No:
1) 28 C.F.R 542.13 Informal Resolution,
2) 28 C.F.R 542.14 Initial Filing Remedy No:841063-F2
3) 28 C.F.R 542.15 Appeal's Filing Remedy No: 841063-R2,
   See Exhibit...A-1,A-3,A-4,A-5,

A-7) On or about January 3, 2016 Plaintiff Carlos Zuniga was transfer
to Oklahoma City FTC unit Holdover P.O.BOX 898802 Ok 73189
thus, up on arriving at the U.S.P ATLANTA P.O.BOX 150160
Atlanta Georgia 30315, See Exhibit...A-7

A-8) On or about February 1, 2016 Plaintiff Carlos Zuniga, received another extremely late-untimely rejection notice,from the Northeast Regional Director's office stating that was rejected  Plaintiff, Carlos Zuniga ,Appeal remedy NO: 84163-R2 was rejected notice date December 1, 2015 was due by December 11,2015 it was received on ] January 1, 2016 See Exhibit...A-5

8-1) Remedy No: 841063-R2 according to Exhibit...5-1 was received on or about December 14, 2015 by the Northeast Regional Director's office See Exhibit...5-1

A-9) pursuant to the law, Plaintiff's  (BP-8),and (BP-9),(BP-10) complaint was deemed timely filed at the pointin time when he place it is the "legal mail" depository in the SHU, at FCI Allenwood-Med P.O.BOX 2000 White Deer Pa, 17887.

A-10)Administrative Remedy Coordinator at Northeast Regional Office have deprived Plaintiff's Constitutional rights[to exhaust his Administrative Remedies ]and to petition the Government for a redress of grievance, requirement by the First Amendment,right's to the United States Constitution.

A-11)Remedy Coordinator,at Northeast Regional Director's Office is retaliating against the Plaintiff Carlos Zuniga,by violating his "FIRST AMENDMENT RIGHT'S" to the Constitution of the United States because the (Unknown Named)Remedy coordinator Person(s) have prevented Plaintiff Carlos Zuniga,from  forwarding his "

6

"complaint" against the Administrative Staff member's and Defendant's Case Manager Mr.Chamberlin,and Unit Manager Mr. Lincalis,et,al

A-12)The Unknown named person(s),Remedy Coordinator,have denied and or deprived Plaintiff Carlos Zuniga, of his"[freedom of speech]" by causing unnsecessary delay for Plaintiff's to exhaust his Administrative Remedy against the Defendant's(s)Mr Chamberlin, and Lincalis pursuant to PRISONER'S LITIGATION REFORM ACT. 42 U.S C 1997(e)(a) ACT See Exhibitt...A-12.

A-13)Plaintiff Carlos Zuniga, mantains that the Defendant(s) Mr; Chamberlin,and Lincalis,  both career employee(s) of the Bureau of prison, specifically put Plaintiff Carlos Zuniga, and safety in imminent danger by failing to follow B.O.P protocal by telling inmate Chavez,and Hernandez,#52595-280 about the "confidential information"that Plaintiff Carlos Zuniga,had given to them Mr. Chamberlin,and Lincalis,by way of giving confedential information out breached the security and safety of the Institution,and that it breach a reasonably certainly that such release of information would place Plaintiff Carlos Zuniga's,life and safety in imminent danger,On or about May 14, 2015 Plaintiff was assaulted and beate severly as result of Defendant(s) Mr.Chamberlin,and Mr.lincalis, actions,which are in vilation of Program Statement Standards of Employee Conduct 3420.11 B.O.P Policy See Exhibit...A-13.

PROGRAM STATEMENT STANDARDS OF EMPLOYEE'S
CONDUCT NO:3420.11
NO;11 Confidentiality no Employee's may not make statements or
release official information which could breach the
security of the institution.

A-14) Administrative Remedy Coordinator at Central Office is retaliating against the Plaintiff,violating his "First Amendment Right's" to the Constitution of the United States.Plaintiff was deprived of due process, because the Administrative Remedy Coordinator Central Office,did knownigly,intentionally kept returning the Appeal(BP-11) 28  C.F.R 542.15(b)(1)Remedy No; 841063-A1 to him without addressing and or responding to the issue. The Administrative Remedy(BP-11)kept being returned to the Plaintiff stating that the Remedy request was being submitted at the wrong level.According to Federal Bureau Of Prison this is the address for any appeal being submitted after Regional Director review: 320 First street Washington D.C 20534. See Exhibit...A-9.

## 28 C.F.R 542.10 Purpose and Scope

A-15) according with **SUBPART B— ADMINISTRATIVE REMEDY  PROGRAM GENERAL COUNSEL REMEDY'S** shall be submitted on the form designed for Central Office Appeal(BP-11) 28 U.S.C 542.15(b)(1) for Central Office appeal and it is expected that employee(s) shall obey, not only the letter of law,but also the spirit of the law while engaged in personal or professional,and individual, capacity or official activities.See Exhibit...A-10.

A-16) 28 U.S.C 542.11(a)(1)(2)(3)(4) **RESPONSIBILITY THE COMMUNITY CORRECTIONS MANAGER(CCM WARDEN REGIONAL DIRECTOR'S AND GENERAL COUNSEL** are responsible for the implementaltion and operation of the Administrative Remedy Program and shall have the responsibility to use this Program in **"good faith"** and in an honest and

8

straightforward manner,in this case the Administrattive Remedy

Coordinator(s)have not acted or performed their dutieds under the

Administrative Remedy Program in "GOOD FAITH"

See. Exhibit...A-10

A-17)      STATEMENT OF FACT'S IN ORDER TO PROVE BY THE

PROPRONDERENCE OF THE EVIDENCE, THAT PLAINTIFF,Carlos Zuniga,

HAS EXHAUSTED ALL AVAILABLE ADMINISTRATIVE REMEDIES PRECEDENT TO

SUIT,AS REGARD BY THE PRISONER'S LITIGATION REFORM ACT.

See Affidavit Exhibit...A-14.

17-1) On November 3, 2016,Plaintiff,who was then confined in the

U.S.P Atlanta P.O.BOX 150-160 Atlanta Georgia 30315,Plaintiff,

request through"FOIA" all SIS reports regarding the assault,and

document detailing the transfer and"Defendant produce false inflamatory

statements in regarding the assault."FOIA" request Number 2017-01602

See Exhibit...I

9

## PARTIES,

3) Plaintiff Carlos Zuniga, at all time relevant hereto,was a resident of the State of Pennsylvania,and confined in the Federal Correctional Facility Allenwood-Med P.O.BOX 2000 White Deer Pa 17887.FEDERAL BUREAU OF PRISONS (B.O.P).

4) Defendant Mr. Chamberlin,Case Manager was and at all relevant times, and acting"Under Color of Federal Law,"an Employee and Officer of the  United States B.O.P Department,of Justice, an Agency of the United States of America,and this Defendant is sued in his professional,and individual Capacity.
FCI ALLENWOOD-MED P.O.BOX 2500 White Deer Pa. 17887.

5)  Defendant Mr. Lincalis, Unit Manager was, and at all relevant times,and acting"Under Color of Federal Law," an Employee and Officer of the United States B.O.P Department Of Justice, an Agency of the United States of America,and this Defendant,is sued in his professional,and individual,Capacity.
FCI ALLENWOOD-MED P.O.BOX 2500 White Deer Pa. 17887.

6)  Defendant Lt Sudul,was, at all revelant times, and acting "Under Color of Federal Law," an Employee and Officer of the United States B.O.P Department of Justice,an Agency of the United States of America,and this Defendant is Sued in his  professional, and individual Capacity.
FCI ALLENWOOD-MED P.O.BOX 2500 White Deer Pa. 17887.

10

7) Defendant SIS Officer Lyons was, and at all relevant times, and Acting "Under Color Of Federal Law"an Employee and Officer of the United States B.O.P Department Of Justice,and Agency of the United States Of America,and this Defendant is sued in his Professional and Individual Capacity.
FCI ALLENWOOD-Med P.O.BOX 2500, White Deer Pa, 17887.

8) Defendant SIS Lt Prutzman was,and at all relevant times,and acting "Under Color of Federal Law"an Employee and   Officer of the United States B.O.P Department Of Justice,an  Agency Of the United States of America,and this Defendant is sued in his Professional,and Individual Capacity.FCI ALLENWDOO-MED P.O.BOX 2500,White Deer, Pa. 17887.

9)Defendant Spaulding,Warden,was and at all relevant times,and acting "Under the Color of Federal Law", an employee and Officer of the United States B.O.P Department Of Justice, an Agency of the United States Of America,and this Defendant is sued in his Professional, and Individual Capacity. FCI ALLENWOOD-MED P.O.BOX 2500, White Deer, Pa. 17887.

10) Defendant Gainer was, and at all relevant times, and acting "Under Color Of Federal Law,"an Employee and Officer of the United States B.O.P Department Of Justice,an Agency of the United States Of America,and this Defendant is sued in her professional and Individual Capacity.FCI ALLENWOOD-MED P.O.BOX 2500 White Deer pa. 17887.

## FACT'S

11) On or abour January 22, 2015,Plaintiff,who was then confined in the  B.O.P at FCI Allenwood_Med P.O.BOX 2000 White Deer Pa,17887, was  incarcerated under conditions posing a substantial risk of serious harm,and the Defendant's Chamberlin, and Licalis's conduct amounted to a deliberately indifferent failure to protect the Plaintiff's safety,and thereby was a violationof the Plaintiff's rights under the Eighth Amendment of United States,Constitution to be free of cruel and unusual punishment.

1) While confined at FCI Allenwood-Med P.O.BOXX 2000, White Deer Pa. 17887,during the month of September 20, 2014, Plaintiff, was one of many victims of inmate-on inmate Assault,harassment,degradation and extortion perpetrated by inmate Chavez,and Hernandez,and their cohorts,members of the"paisa" prison gang,whose base of operation was inside unit 4-B.For a continued period of time inside unit 4-B, Spanish inmates who did not acceed to the gang,were forced to pay monthly extortion fees in addition to fines for various transgression (e.g) failure to timely pay the aforementioned monthly fee forced to leave the unit at 5;00pm every day of the week.Plaintiff,was forced to leave  the unit at 5:oopm and return at final yard recall on a daily basis for three months beginning  on September 20,2014.Moreover, because inmate Chavez, and Hernandez,were running an illegal poker table inside unit 4-B,Plaintiff,along with other inmates,were threatened"that if they did not follow orders and collect personal property from other inmates who did not pay their gambling debt,

Plaintiff, along with other inmates would be beaten and incur additional fines".

2) As a result of this threat,during Plaintiff,unit team meeting held on January 22, 2015, when asked whether Plaintiff,had any questions, Plaintiff, proceeded to disclose to Defendant's Chamberlin, and Lincalis, the fact that Plaintiff, along with many other Spanish inmate were being extorted,threatened,harassed,degraded and assaulted, by the above described inmates on a daily basis for the past 3 months. As such Plaintiff, was in constant fear for his safety. Plaintiff,was told by Defendants Chamberlin,and Lincalis, that they would look into matter, because they had heard of other incidents,and they would let the SIS Lt,know what the Plaintiff,and disclosed to them.

3) Shortly after Plaintiff's unit team meeting with staff members Chamberlin,and Lincalis, it was disclosed to inmate  Chavez,and Hernandez, that Plaintiff, had accused them of extortion assault, harassment and threatening Plaintiff,and other inmates,Chavez,and Hernandez,denied the allegation,and upon seeing Plaintiff,told that his unit team,staff members Chamberlin,and Lincalis, had revealed to them what Plaintiff, said,and because Plaintiff,had snitched on Chavez, and Hernandez,Plaintiff, would now have to pay a higher monthly extortion fee.

4) For the next four months Plaintiff, was forced to pay 50.00 (Dollars)monthly to Chavez,and Hernandez, in postage stamps or commisary,in addition, Plaintiff,was threatened,harassed and humili- ated on a daily basis,and made to leave the unit 5:00pm until recall.

13

Subsequently,on May 14, 2015, at approximetly 1:30 pm, inside unit 4-B, Plaintiff,was beckoned to a cell by Hernandez,and inside the room Plaintiff, was immediately seized in a chokehold,and inmate Chavez,and Hernandez, commenced to beating Plaintiff Plaintiff, was sevearly beaten in the area of his stomach and ribs,badly bruising him.He was then ordered to leave the unit and seek another housing unit or risk being killed.As a direct result of the beating,Plaintiff, suffered physical injuries and considerable pain,making it hard to breathe sit or walk, See Exhibit...-B

5) Plaintiff, who was then confined in the B.O.P at FCI Allenwood-Med P.O.BOX 2000 White Deer, Pa 17887.Plaintiff,believed that as long as he was incarcerated at FCI Allenwood-Med,he would retaing in a position of substantial risk of serious harm and detrimental to his life.Plaintiff, made a complaint to Case Manager Chamberlin, that inmate Chavez and Hernandez,#52595-280,had increased their actions of harasment,intimidation, extortion.Upon information and belief, Defendant's Chamberlin,and Lincalis,took no steps and made no efferts to report that Plaintiff, was "under conditions posing a substantial risk of serious harm"nor took any steps to remove the Plaintiff, from unit 4-B,or remove inmates harassed,and threatened or otherwise remove inmates    Chavez and Hernandez, from the unit.See Exhibit.... A-11

12) On or about the month of May 14, 2015 at approximately 1;30pm Plaintiff, who was    confined in the B.O.P at FCI Allenwood-Med unit 4-B and at that time and place, another inmate lured Plaintiff, into cell 123 unit 4-B. Upon entering the cell Plaintiff, was

grabbed from behind by inmate Chavez. Chavez,grabbed Plaintiff,by
the neck,and put him in a neck lock with his foream and began choking
Plaintiff, See Exhibit...A-11

13) While Chavez,was choking Plaintiff,a second inamte, Hernandez,#
52595-280,started hitting Plaintiff,in the stomach,chest,ribs area,
and right shoulder.As of result, Doctor's report a loss of use of 6o%
mobility in Plaintiff's right shoulder.Medical records clearly show
injuries and bruising resulting from the assault and battery that
Plaintiff, received from Chavez,and Hernandez,#52595-280
See Exhibit...B

14)During the beating,inmate Chavez told Plaintiff, the reasons why
they were beating him.Chavez,related that during his interview and
meeting with both Defendant Case Manager Chamberlin,and Lincalis,they
had told Chavez,that Plaintiff,had made a complaint that he(Chavez)
and Hernandez, were harassing and threatening Plaintiff,on daily basis.
See Exhibit...A-11

15)Plaintiff's job and or duty for Chavez and Hernandez,would have
been to collect money and food,from any person who lost at the poker
table.Plaintiff, refused to take any part in gang activities,and upon
information and belief,Defendant Chamberlin,and Lincalis,did not make
any report,or otherwise document Plaintiff's assertion of two(2)
prior events of harasment and threats to him.

16) On or about May 25, 2015, at approximately 7:00pm Plaintiff,
who was then confined in the B.O.P at FCI Allenwood-Med in recreation,

15

Plaintiff, was advised by Hernandez,and 3 other"paisas" to leave
FCI ALLENWOOD-MED, as Hernandez, intended to kill the Plaintiff,
if he did not leave the Facility.

17) On or about May 25, 2015, at approximately 7:20pm, Plaintiff,
went to the Lt's Office and requested protection,and reporting that
Hernandez,#52595-280 and three(3) unknown inmate's had threatined
him to leave the compound or he would be killed.Plaintiff,further
stated to Defendant,D,Burnisky that Plaintiff's life was in danger,
but.Plaintiff, was ordered to leave the Lt, Office and return to his
housing uint.

18) After Plaintiff, was ordered to return to his housing unit,
Plaintiff,refused to go back to his unit and was therafter escorted
to the(SHU),and received an incident report for refusing to obey an
order,#306 code 271980.Upon informtion and belief,Defendant.D,Burnisky,
did not make any report,or otherwise document Plaintiff,"complaint".
Plaintiff, was eventually re-located to solutary confiedment i.e the
Special Housing Unit(SHU) on or about May 25,2015, for his protection.
On June 1st,2015, Plaintiff, received an X-Ray which revealed that
as a result of the beating he received by Chavez,and Hernandez,
he suffered injuries to his ribs and additional injuries to his right
shoulder.See Exhibit...C,B,

19)Thus Upon arriving at the (SHU),an unknown officer conducted a
bady inspection of Plaintiff, and.noticed multiple fresh bruises and
wounds on both sides of Plaintiff's ribs,and swollen chest area.
See Exhibit...B

20)   This unknown Officer asked Plaintiff,"how did he get all the bruises and wounds on his body?" Plaintiff,then fully explained the fact's regarding the assault.Upon information and belief,This Defendant, "unknown Officer"also did not make any report,or otherwise document Plaintiff's assertions that the injuries occured as a result of the assault by Chavez,and Hernandez, during the month of May 2015 See  Exhibit...B


21)   On or about June 1,  2015,Plaintiff,was visited in the (SHU) by Lt,Lyons,who asked Plaintiff,"how did he get bruises and wounds on his body?"Plaintiff, fully explained the fact's regarding the assault and battery upon his person.Defendant Lyons. took pictures of Plaintiff,Upon information and belief,Defendant,Lyons did not make any report,or  charge inmates Chavez,or Hernandez#52595-280, of a violation of Bureau of Regulation,or otherwise document Plaintiff's assertion of his prior assault occuring    during the month of May 2015,Defendant Lt Lyons, failed to properly follow B.O.P "policy" and procedure,and as a result, Plaintiff, was subjected to cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution.


22) On or about June 3, 2015, at approximately 9;30am,Plaintiff, was examined by Defendant Pfirmant who made a visual body  and examination,and ordered an X-Ray to determine whether any bones were broken in Plaintiff's chest or rib area See Exhibit...B

---

Identify 2 the inmate's identify is know to the Court, and herein after is simply identifies as the "inmate's" for clarity purposes.

23)  On or about September 27, 2015 at approximately 1:20pm,Plaintiff,
was asked by Lt Prutzman,"how did he get the bruises and wounds on
his bady?"Plaintiff,fully explained the same thing he told Lt Lyons,
regarding the facts of the assault and battery upon his person.
Plaintiff,upon information and belief,SIS Lt Prutzman,did not make
any report or charge inmate Chavez,or Hernandez,#52595-280,of a
violation of Bureau regulations,or otherwise,document Plaintiff's,
assertion of prior assaults occuring on or about the month of May
2015, Defendant Prutzman also failed  to properly follow B.O.P
policy and procedure with the result that Plaintiff,continued to be
subjected to cruel and unusual punishment in violation of the Eighth
Amendment to the United States Constitution.

24)  On or about August 26, 2015,Plaintiff, wrote some letters regarding
the assault but,did not get any response.On or about November 24,
2015 Plaintiff, sent "Certified Mail" No:7012-1010-0002-2553-3350
to this address,"ATTN.S.Spaulding Warden U.S Departement Of Justice
FCI Allenwood-Med P.O.BOX 2500 White Deer Pa. 17887"but never received
a response.Upon information and belief Defendant, Spaulding did not
make any report or charge inmate,Chavez, or Hernandez, with any
violation of Bureau of Regulations, or otherwise document Plaintiff,
assertins of his prior assaults that occured on or about the month
of May 2015.Defendant Warden, Spaulding also did not properly follow
B.O.P policy and procedure with the results that Plaintiff, continued
to be subjected to cruel and unusual punishment in violation of the
Eighth Amendment to the U.S Constitution. See Exhibit...D

18

25)  On or about November 12, 2015,approximately 1:45pm,Defendants Ms : Gainer,

and Lt Prutzman while doing their rounds at the (SHU),stoped at

Plaintiff's cell 224.Plaintiff, asked them about his situation or

transfer since Lt Lyons closed his investigation. Defenadant

Gainer acted unprofessional in her response to Plaintiff,by saying

with a harsh and stern voice,"I don't care if the investigation is

finished,you're not going anywhere until I say so.''You're staying

here in the "SHU''. Defendant Gainer, made me do hard time while I

was in the SHU from May 25, 2015, until January 3,2016 and as a

result Plaintiff, was again subjected to cruel and unusual punishment

in violation of the Eighth Amendment to the U.S Constitution.


1)  On or about January 3, 2016  Plaintiff, was designated for

transfe as a result of an investigation that indicated a safety/

security concern,Plaintiff,was transfered under code #323 for

inmate safety issues and as such was painted in a false light,

as it portrayed him as being the problem.Defendant,CMC Gainer

did not follow B.O.P policy and procedure and as a result,the

Plaintiff, was subjected to cruel and unusual punisment, in

violation of the Eighth Amendment to the U.S Constitution.

See Exhibit...E


26) On or about May 2015,Plaintiff, made a complaint to the

Consulate Of Mexico in Philadelphia,Protection and Legal Affair

Department,that two(2) inmates had  beaten     Plaintiff and

assaulted him.Plaintiff, requested help from the  Consulate of

Mexico,since Defendant's were not following B.O.P policy,and

futher did not make any report or otherwise document Plaintiff,'s

19

complaint.By punishing the Plaintiff, and keeping him in
the SHU for an extended and unressonable amount of time,without
transfering him. See Exhibit...F

27) On or about September 14, 2015, Plaintiff,advised that he will
be seen on September 21, 2015, by the Consulate Of Mexico concernig
the assault and battery on the Plaintiff,and due to his complaint
that Defendant's were not following B.O.P policy See Exhibit...G.H

28)  Notwithstanding Plaintiff's, report to Defendant's Chamberlin,
Lincalis,Sudul,Lt Lyons,Prutzman,Warden Spaulding,CMC Gainer,no
Defendant's properly followed B.O.P policy and procedure,with the
result that Plaintiff, was subjected to petition the Government
for a redress of grievance and freedom of speech, in violation of
FIRST AMENDMENT, to the U.S Constitution,and equal protection of
the Law in violation of the FOURTEEN AMENDMENT, to the U.S
Constitution his right to be free from cruel unusual punishment in
violation of the EIGHTH AMENDMENT, to the United States
Constitution.

29)  At all times mentioned herein,Defendant Chamberlin,Lincalis,
Sudul, Lyons,Prutzman,Gainer,Warden Spaulding, acted knowingly
willfully,and intentionally with conscious disregard to violate
B.O.P policy to make reports and take Administrative action against
inmates Chavez,and Hernandez,further releasing confidential
information to Chavez  and Hernandez,about Plaintiff's complaint
thereby putting his life in jeopardy and danger of badily harm,

30)  At all times mentioned herein,Defendant's Chamberli,Lincalis,
Sudul,Lyons,Prutzman,Gainer,CMC Warden Spaulding, acted knowingly,
willfully,and intentionally with conscious disregard to the health and
well being of the Plaintiff,both physically, and psychologically,by keeping the
Plaintiff,locked in solitary confinedment in the Special Housing
Unit(SHU) for the unreasonable amount of time,seven(7)months,
treating the Plaintiff,as if he was an offender and diciplinary
problem while the real offenders,Chavez and Hernandez,remained
at large on the compound.

31)  At all times mentioned herein,SIS personnel Lyons,Prutzman,
and CMC Gainer and Warden Spaulding,acted knowingly ,willfully,
and intentionally with conscious disregard to effect an inmediate
transfer to another,B.O.P Facility and purposefully,  delayed
in transfering Plaintiff, causing great anxiety  about the Plaintiff's
ability to remain safe from harm despite his being housed in the
SHU.

21

32)  At all time  mentioned herein, Defendant's Chamberlin,Lincalis,
Sudul, Lyons,Prutzman,Gainer,Spaulding,acted jointly and severally
with conscious disregard to B.O.P policy and Plaintiff's rights
under the First, Eighth,and Fourteen,Amendment to the U.S
Constitution.

33) As a proximate result of their  actions,Plaintiff,was caused
to suffer serious physical injury mental anguish and great
pain,both physicaly and psychologically,until he healed from
his physical injuries and was transfered to the relative safety
of another B.O.P Facility.

   **WHEREFORE,** Plaintiff,requests this Court to enter judgment
against Defendant's Chamberlin,Lincalis,Sudul,Lyons,Prutzman,
Gainer,and Spauldin,joinly and severally  for.


### JURY DEMAND,


 Plaintiff, demands a jury trial of his Constitutional claims
against Defendant's Chamberlinn,Lincalis,Sudul,Lyons,Prutzman,
Gainer,Spaulding,


Signed under penalty of perjury this _15_ day of _March_ 2017,

22

## CONSTITUTIONAL CLAIMS AGAINST DEFENDANT'S

## Chamberli, Lincalis, Sudul, Lt Lyons, Lt Prutzman, Warden Spaulding, CMC Gainer,

34) At all times mentioned herein actions of Defendant's Chamberlin, Lincalis, Sudul, Lt Lyons, Lt Prutzman, Warden Spaulding CMC Gainer, acted knowingly willfully, and intentionally with conscious disregard to violate B.O.P policy, to make reports, set forth in paragraphs 10-29, violated Plaintiff's     right to equal protection of the Law and the right to be free from cruel unusual punishment, and the right to be heard under the FOURTEEN AMENDMENT, EIGHTH AMENDMENT, FIRST AMENDMNET, to the U.S Constitution. Defendant's Chamberlin, Lincalis, Sudul, Lt Lyons, Lt Prutzman, Warden Spaulding, CMC Gainer, are liable joinly and severally, to the Plaintiff, for these unlawful actions in violation of the Constitution.

## CERTIFICATION

Pursuant to 28 U.S.C § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge,

_____   82559-180        3/15/2017
Signature of Plaintiff, Reg Number        Date

23

## PRAYER FOR RELIEF

A.) On the claims stated in paragraphs 10-29 Plaintiff, asks the Court to enter Judgment against defendant's Chamberlin,Lincalis, Sudul, Lyons,Prutzman, Spaulding,Gainer,

B.) For the injuries that the Plaintiff, suffered as result of the claims stated in paragraphs 10-29, the Plaintiff, ask the Court to hold Defendant's Chamberlin,Lincalis, Sudul,Lyons,Prutzman, Spaulding, gainer, jointy and severally liable for compensatory damages and costs of this action, together with reasonable Attorney's fees in the a mount of $ 500.000.00

C) For the claims stated in paragraphs 10-29, the Plaintiff, ask the Court to hold Defendant's Chamberlin,Lincalis, Lyons,Prutzman Spaulding, Gainer, and further liable for punitive damages in the amount of $ 1,500.000.00

## JURY DEMAND

Plaintiff, demands a jury trial of his Constitutional claims against defendant's Chamberlin,Lincalis,Sudul,Lyons,  Prutzman,Spaulding, Geiner,

Signed under the penalty of perjury this __15__ day of __March__ 2017,

Plaintiff Carlos Zuniga,Pro-se
U.S.P Atlanat,
P.O.BOX 150160
Atlanat Georgia 30315
Reg 82559-180

24

## CERTIFICATE OF SERVICE

I, <u>Carlos Zuniga, Plaintiff,        </u>, do hereby certify under penalty of perjury [28 USC §1746] that I have this day mailed and served the attached: <u>CIVIL RIGHT'S COMPLAINT VIOLATION,</u>

<u>                    </u> by depositing same in the prison legal mailbox with First Class postage affixed and addressed as follows:*

CLERK,

UNITED STATES COURTHOUSE,
235 North Washington Avenue Room 101
Scranton Pennsylvania, 18503


Done this <u>15</u> day of <u>March        </u>, 201<u>7</u> .

<u>                              </u>


---

* This affirmation is intended to comply with Rule 4(c), Fed.
  R.A.P., with presumption of "mailbox" filing under <u>Houston v.</u>
  <u>Lack</u>, 487 U.S. 266 (1988).

CARLOS ZUNIGA,
U.S.P ATLANTA
P.O.BOX 150160
Atlanta Georgia 30315
Reg 82559-180,


March 15, 2017


CLERK OF COURT,
UNITED STATES DISTRICT COURT,
MIDDLE DISTRICT OF PENNSYLVANIA,


Dear Sirs,

        Enclosed, please find my Complaint, in the above-entitled
Action.
As you will note, copies for each Defendant, and Summons,with
process receipt,and return.As well notice of a lawsuit,and
waiver of the service Summons.
As such,would you kindly submit to the court for process?.



                Thank You,and I am


                                Sincerely,

                                Carlos Zuniga Plaintiff,

