IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS ZUNIGA, | : | Civil No. 3:17-cv-792 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| CHAMBERLIN, *et al.*, | : | |
| Defendants | : | |

**MEMORANDUM**

I. **Background**

Plaintiff Carlos Zuniga, ("Zuniga"), an inmate formerly housed at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania ("FCI-Allenwood"), commenced this *Bivens*[1] civil rights action on May 4, 2017. (Doc. 1). In the complaint, Zuniga alleged that Defendants violated his rights under the First, Eighth, and Fourteenth Amendments for interfering with his access to the administrative remedy program, and for placing him in danger by releasing information which he confidentially reported to prison officials concerning gang members who forced him to pay monthly extortion fees and fines for refusing to collect gambling debts from other inmates. (*Id.*).

On August 14, 2017, Defendants filed a motion to dismiss or, in the alternative, for

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (holding that there exists an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights).

summary judgment. (Doc. 18). On March 19, 2018, the Court granted summary judgment in favor of all Defendants and against Zuniga. (Docs. 43-45).

Presently before the Court is Zuniga's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. 46). For the reasons set forth below, the Court will deny Zuniga's motion.

## II. Standard of Review

Rule 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances, including fraud, mistake, and newly discovered evidence. *See* FED. R. CIV. P. 60(b); *Gonzales v. Crosby*, 545 U.S. 524, 528 (2005). The general purpose of the Rule is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ. and Welfare*, 572 F.2d 976, 977 (3d Cir. 1978). The decision to grant or deny relief pursuant to Rule 60(b) lies in the "sound discretion of the trial court", and is guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Associates, Inc. v. Nemours Foundation*, 865 F.2d 530, 548 (3d Cir. 1988).

The first five subdivisions of Rule 60(b) delineate specific circumstances which may justify relief from final judgment.[2] The final subdivision, 60(b)(6), serves as the "catchall

---

[2] The first five subdivisions of Rule 60(b) provide as follows:

On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence,

2

provision" of Rule 60(b). *See Coltec Industries, Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002). Rule 60(b)(6) permits a party to seek reconsideration for "any other reason [other than the specific circumstances set out in Rules 60(b)(1)-(5)] that justifies relief" from the operation of the judgment. *See* FED. R. CIV. P. 60(b). Further, Rule 60(b)(6) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapport v. United States*, 335 U.S. 601, 614-15 (1949). Rule 60(b)(6) is only to be invoked in the most "extraordinary circumstances, where, without such relief, an extreme and unexpected hardship would occur." *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993).

## III. Discussion

In the instant motion, Zuniga requests that the Court reconsider its decision granting summary judgment in favor of Defendants. (Doc. 46). In opposition to Zuniga's motion, Defendants argue that he is not entitled to reconsideration because he cannot establish the "exceptional circumstances" required for Rule 60(b)(6) relief. (Doc. 47, p. 5).

On March 19, 2018, this Court granted summary judgment to Defendants and found

---

surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; . . .

FED. R. CIV. P. 60(b)(1)-(5).

3

as follows:

>   According to BOP records, Zuniga filed sixteen administrative remedies during the relevant time period, i.e., the date he claims Paisa gang members started harassing him until the day he filed this complaint. (SMF ¶¶ 11, 13; Doc. 23-1, pp. 22-30, Administrative Remedy Generalized Retrieval; Doc. 38-4). Of those sixteen administrative requests for relief, five pertain to issues raised in the complaint. (SMF ¶ 13; Doc. 23-1, pp. 22-30, Administrative Remedy Generalized Retrieval; Doc. 38-4).
>
>   The undisputed evidence reflects that Zuniga filed Administrative Remedy 841063-F1 on November 3, 2015 at the institution, six months after the May 2015 incident occurred. (SMF ¶¶ 14, 15; Lavelle Decl. ¶ 15; Administrative Remedy Generalized Retrieval at 6). On November 3, 2015, the institution rejected Administrative Remedy Number 841063-F1 as untimely. (SMF ¶ 15; Lavelle Decl. ¶ 15; Administrative Remedy Generalized Retrieval at 6). Administrative Remedy Number 841063-F1 was patently untimely.
>
>   The undisputed evidence further reflects that Zuniga re-filed Administrative Remedy Number 841063-F2 at the institution, and the institution denied the remedy. (SMF ¶¶ 16, 17; Lavelle Decl. ¶ 16; Administrative Remedy Generalized Retrieval at 6). On November 27, 2015, Zuniga appealed the institutional denial of Administrative Remedy Number 841063-F2 to the Northeast Regional Office, designated as Administrative Remedy Number 841063-R1. (SMF ¶ 18; Lavelle Decl. ¶ 17; Administrative Remedy Generalized Retrieval at 7). On December 1, 2015, the Northeast Regional Office rejected Administrative Remedy Number 841063-R1 because Zuniga failed to provide a copy of the institution request. (SMF ¶ 19; Lavelle Decl. ¶ 17; Administrative Remedy Generalized Retrieval at 7). The Rejection Notice informed Zuniga he had ten days from December 1, 2015, or until December 11, 2015, to timely resubmit his appeal of Administrative Remedy Number 841063-R1 to the Regional Office. Zuniga's appeal was logged into the Administrative Remedy Index as received on January 5, 2016, twenty-five days beyond the deadline, and designated as Administrative Remedy Number 841063-R2. On January 6, 2016, the Regional Office rejected Administrative Remedy Number 841063-R2 as untimely, and instructed Zuniga to resubmit his appeal within ten days with a staff memo.

(SMF ¶ 27; Administrative Remedy Generalized Retrieval at 9; Lavelle Decl. ¶ 18). The undisputed evidence reflects that Zuniga never re-filed his appeal of Administrative Remedy Number 841063-R2 at the Regional Office with the requisite staff memo.

The uncontroverted evidence establishes that instead of re-filing at the Regional Office, Zuniga chose to appeal to the Central Office, designated as Administrative Remedy Number 841063-A1. (SMF ¶ 28; Lavelle Decl. ¶ 19; Administrative Remedy Generalized Retrieval). On March 28, 2016, the Central Office rejected Administrative Remedy Number 841063-A1 as untimely and instructed Zuniga to provide the Regional Office with an explanation of the untimely filing. (SMF ¶ 29; Lavelle Decl. ¶ 19; Administrative Remedy Generalized Retrieval at 9). The record reflects that Zuniga chose not to further pursue the remedy. (SMF ¶¶ 30, 31). Thus, Defendants contend that Zuniga failed to properly exhaust his administrative remedies before filing the instant federal action.

Zuniga attempts to refute Defendants' argument by stating that his Regional Administrative Remedy Appeal Number 841063-R2 was timely filed under the prison mailbox rule established in *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). (Doc. 1, p. 5). He asserts that he placed Administrative Remedy 841063-R2 in the mail at FCI-Allenwood three days prior to December 11, 2015, and that it was received by the Regional Office on December 14, 2015. (Doc. 1, p. 4; Doc. 3, pp. 10, 12, 14, 16, 40). However, this Court previously addressed this issue in *Wall v. Holt*, 2007 WL 89000 (M.D. Pa. 2007), and found that administrative remedy forms are not subject to the prison mailbox rule. In *Wall*, the court found that the prison mailbox rule does not apply to administrative remedy forms because the regulation setting it out is very clear that "[a] prisoner's appeal to a regional director or general counsel is 'considered filed on the date it is logged into the Administrative Remedy Index as received.'" *Wall*, 2007 WL 89000, at *1 (citing 28 C.F.R. § 542.18).

The court in *Wall* held:

Program Statement 1330.13, the BOP's Administrative Remedy Program notes that the time periods for filing appeals to the regional director and central office are "deliberately long to

5

allow sufficient mail time. Inmates should mail their Appeals
promptly after receiving a response to ensure timely receipt."
See www.bop.gov, P.S. 1330.13, Administrative Remedy
Program (effective date 8/6/2002), p. 8. The BOP will consider
a late appeal upon a showing of a valid reason for the delay.
See 28 C.F.R. § 542.15(a).

Wall, 2007 WL 89000, at *1. The Wall court further noted that petitioner was given an opportunity to submit staff verification that the delay in filing his regional appeal was not his fault, but he did not offer any justification for the delay. Id.

Both the Code of Federal Regulations and the BOP's Administrative Remedy Program are unambiguous as to when an administrative remedy is considered filed, i.e., when it is logged into the Administrative Remedy Index as received. The appeal of Administrative Remedy Number 841063-R2 was filed on January 5, 2016, when it was logged into the Administrative Remedy Index as received, twenty-five days beyond the deadline. On January 6, 2016, the Regional Office rejected Administrative Remedy Number 841063-R2 as untimely, and instructed Zuniga to resubmit his appeal within ten days with a staff memo on BOP letterhead stating the reason for his untimely filing was not his fault. (SMF ¶ 27; Administrative Remedy Generalized Retrieval at 9; Lavelle Decl. ¶ 18). Rather than comply with the directives of the Regional Office, Zuniga chose to file an appeal with the Central Office, designated as Administrative Remedy Number 841063-A1. (SMF ¶ 28; Lavelle Decl. ¶ 19; Administrative Remedy Generalized Retrieval). On March 28, 2016, the Central Office rejected Administrative Remedy Number 841063-A1 as untimely with instructions to provide the Regional Office with an explanation of the untimely filing. (SMF ¶ 29; Lavelle Decl. ¶ 19; Administrative Remedy Generalized Retrieval at 9). The undisputed evidence reflects that Zuniga failed to comply with the directives of the Central Office, and never re-filed at the Regional Office with the required staff memo. (SMF ¶ 30; Lavelle Decl. ¶ 19; Administrative Remedy Generalized Retrieval).

Furthermore, assuming arguendo that Zuniga placed Administrative Remedy 841063-R2 in the mail at FCI-Allenwood three days prior to December 11, 2015, and that it was received by the Regional Office on December 14, 2015, the remedy appeal was nonetheless untimely because it

was due in the Regional Office by December 11, 2015.

(Doc. 43, pp. 14-18).

In the instant motion, Zuniga fails to satisfy his burden of proving extraordinary circumstances to justify granting relief. Instead, Zuniga reasserts the same arguments that he advanced in his brief in opposition to Defendants' motion for summary judgment.

With respect to Administrative Remedy 841063-F1, it is clear that this remedy was untimely filed at the institution level.

Regarding Administrative Remedy 841063-R1, the record reflects that, on December 1, 2015, the Northeast Regional Office rejected this administrative remedy because Zuniga failed to provide a copy of the institution request. Zuniga sets forth the same theory as to why it was rejected by the Northeast Regional Office. (Doc. 46, p. 14). Zuniga speculates that either the mail clerk at FCI-Allenwood or the Administrative Remedy Coordinator at the Northeast Regional Office may have removed the copies from his appeal. (Doc. 48, pp. 8-9). However, Zuniga again fails to provide any evidence to support this claim.

The Rejection Notice of Administrative Remedy 841063-R1 informed Zuniga that he had ten days to timely resubmit his appeal of Administrative Remedy Number 841063-R1 to the Regional Office. Zuniga's appeal was logged into the Administrative Remedy Index as received on January 5, 2016, twenty-five days beyond the deadline, and designated as Administrative Remedy Number 841063-R2. Zuniga again argues that the prison mail box

rule should apply to the untimely filing of Administrative Remedy 841063-R2. However, Zuniga fails to provide any evidence to refute the undisputed fact that Administrative Remedy 841063-R2 was untimely filed. Furthermore, it is undisputed that Zuniga did not re-file his appeal of Administrative Remedy 841063-R2 at the Regional Office.

It is clear that Zuniga reargues many of the claims he raised in his brief in opposition to Defendants' motion for summary judgment. Reasserting arguments that have already been rejected does not meet the required showing of "exceptional circumstances" that would merit relief under Rule 60(b)(6). See Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991) (the movant under Rule 60(b) bears a heavy burden of proof that extraordinary circumstances are present). Zuniga's Rule 60(b)(6) motion does nothing more than attempt to relitigate claims previously addressed by this Court, and therefore must be denied.

## IV.  Conclusion

For the foregoing reasons, the Court will deny Zuniga's motion for relief from judgment under Rule 60(b)(6). A separate Order shall issue.

Date: February ___, 2019

Robert D. Mariani
United States District Judge